UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JERRY WALTER LYTLE, | No. C 03-4414 SI (pr) |
| Petitioner, | **ORDER OF PARTIAL DISMISSAL AND TO SHOW CAUSE** |
| v. | |
| ED S. ALAMEIDA, JR., Director of California Dept. of Corrections, | |
| Respondent. | |

### INTRODUCTION

Jerry Walter Lytle first filed his petition for writ of habeas corpus over three years ago. After the court issued an order to show cause and respondent filed his answer, Lytle sought and obtained a stay of these proceedings so that he could exhaust state court remedies as to several claims he wanted to present in his federal habeas petition. He has finished his state court exhaustion efforts and filed a motion to amend and a proposed second amended petition. Respondent stated that he did not oppose the motion to amend. The motion to amend will be granted and the second amended petition filed. The court now will review the second amended petition pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases. For the reasons discussed below, only five claims will need briefing.

## BACKGROUND

The second amended petition ("SAP") now before the court is a rambling 122-page document that alleges about 28 claims. Many of the arguments are redundant, others concern state law errors, and some are simply meritless. Lytle reports that his SAP is "identical" to the one he presented to the California Supreme Court. SAP, p. 3.

Lytle was convicted following a jury trial in Santa Cruz Superior Court of second degree murder and intentional discharge of a firearm at an inhabited dwelling. Sentence enhancement allegations under California Penal Code §§ 12022.5, 12022.53, and 12022.7 were found true. On October 30, 2000, Lytle was sentenced to a term of imprisonment which he is now serving. A new trial was granted as to the murder conviction and the state dismissed the murder charge without prejudice to future prosecution. See Sep. 13, 2004 Order, p. 2. (Docket # 29.) The state court of appeal struck the § 12022.5 sentence enhancement.

As a result of the state court proceedings, the only conviction currently in place is the one for discharging a firearm at an inhabited dwelling. See Cal. Penal Code § 246. The sentence enhancements under California Penal Code §§ 12022.53 and 12022.7 for that offense also remain in place.

The California Court of Appeal described the evidence at trial in much greater length, but the basic facts of the crime are as follows: "Defendant and the victim, Robin Perkins, lived in a small trailer in Santa Cruz. When Perkins drank alcohol, she physically and verbally abused defendant. One night, after an evening of verbal abuse, defendant left the trailer, retrieved his shotgun from his truck, aimed it through the window of the trailer, and shot and killed Perkins." Respondent's Exh. C (Cal. Ct. App. Opinion, p. 2). There was evidence that the victim had suffered a contact wound, i.e., the muzzle of the gun was in contact with the victim when it was discharged. At the time he fired, the barrel of the gun was about 5-6 inches into the window. Id. at 8. "The bulk of the shotgun, including the shell, the firing mechanism, and the trigger, as well as defendant himself were outside the trailer when he discharged the weapon." Id. at 12-13.

**DISCUSSION**

A. <u>Standards</u>

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. See <u>Hendricks v. Vasquez</u>, 908 F.2d 490, 491 (9th Cir. 1990).

B. <u>Review Of Second Amended Petition</u>

The second amended petition is organized in a confusing fashion, where some of the claims actually assert several different claims. For example, Claim 1 is captioned "actual innocence," but actually asserts actual innocence of a violation of California Penal Code § 246, plus a Sixth and Fourteenth Amendment claim predicated on the alleged failure to apply the rule of lenity. Lytle also repeats many of the same arguments in several different claims.

    1. <u>Claim 1 - Actual Innocence Claim (SAP, pp. 4-6)</u>

Lytle asserts that he is actually innocent of the crime of shooting at an inhabited dwelling. California Penal Code § 246[1] provides: "Any person who shall maliciously and willfully discharge a firearm at an inhabited dwelling house . . .is guilty of a felony." Lytle's argument is that, because the gun barrel was partially inside the trailer when he fired the shot, he didn't shoot at the dwelling house.

Lytle's alleged actual innocence does not provide the basis for habeas relief but simply

---

[1] Unless otherwise noted, all further references to sections are to sections of the California Penal Code.

3

would allow the court to consider otherwise barred claims. "Claims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." Herrera v. Collins, 506 U.S. 390, 400 (1993). Herrera made it clear that there can be no habeas relief based solely on a petitioner's actual innocence of the crime. See Coley v. Gonzalez, 55 F.3d 1385, 1387 (9th Cir. 1995). Although there may be a freestanding actual innocence claim in the death penalty context, see Herrera, 506 U.S. at 417, Lytle's is not a death penalty case.

Lytle also argues that the state courts misinterpreted § 246 and "have failed to follow the rule of lenity as described by the United States Supreme Court and this failure denied the petitioner a fair trial under the Sixth Amendment and denied him due process under the Fourteenth Amendment." SAP, p. 4. This argument fails.

The state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal habeas court. See Bradshaw v. Richey, 126 S. Ct. 602, 604 (2005); Hicks v. Feiock, 485 U.S. 624, 629 (1988). An unexpected judicial enlargement of a criminal statute applied retroactively would violate due process, but that situation does not present itself here. See Hayes v. Woodford, 301 F.3d 1054, 1087 (9th Cir. 2002). The state court has decided that Lytle's conduct did violate § 246. "Here, defendant, who was outside the residence, fired a shotgun, whose shell, trigger, and firing mechanism were wholly outside the dwelling, through the window and into an inhabited trailer. In doing so, defendant's conduct fell within the statutory proscription of section 246." Cal. Ct. App. Opinion, p. 13. This court is bound by the state court's determination on the issue.

The "rule of lenity" (i.e., a rule that ambiguous criminal statutes should be construed favorably to defendants) is a rule of statutory construction rather than a constitutional command. The state's alleged failure to apply this rule of statutory construction cannot be the basis for federal habeas relief. See Sabetti v. DiPaolo, 16 F.3d 16, 19 (1st Cir. 1994). A person in custody pursuant to the judgment of a state court can obtain a federal writ of habeas corpus only on the ground that he is in custody in violation of the Constitution or laws or treaties of the

4

1 United States.  28 U.S.C. § 2254(a).  In other words, a writ of habeas corpus is available under
2 § 2254(a) "only on the basis of some transgression of federal law binding on the state courts."
3 Middleton v. Cupp, 768 F.2d 1083, 1085 (9th Cir. 1985) (citing Engle v. Isaac, 456 U.S. 107,
4 119 (1982)), cert. denied, 478 U.S. 1021 (1986).  It is unavailable for violations of state law or
5 for alleged error in the interpretation or application of state law.  Estelle v. McGuire, 502 U.S.
6 62, 67-68 (1991); Engle, 456 U.S. at 119; see, e.g., Little v. Crawford, 449 F.3d 1075, 1082 (9th
7 Cir. 2006) (claim that state supreme court misapplied state law or departed from its earlier
8 decisions does not provide a ground for habeas relief); Moore v. Rowland, 367 F.3d 1199, 1200
9 (9th Cir. 2004) (per curiam) (state's violation of its separation-of-powers principles does not give
10 rise to a federal due process violation); Stanton v. Benzler, 146 F.3d 726, 728 (9th Cir. 1998)
11 (state law determination that arsenic trioxide is a poison as a matter of law and not an element
12 of the crime for jury determination is not open to challenge on federal habeas review).  The
13 claims of actual innocence, the claims concerning the interpretation and application of § 246,
14 and the claims based on the alleged failure to apply the rule of lenity, are dismissed without
15 leave to amend.

17        2.      <u>Claim 2 - Denial of Due Process (SAP, pp. 6-8)</u>

18 Lytle alleges that he was denied due process because the state court has failed to hold a
19 new trial on the murder charge after the court granted a new trial motion.  (The new trial motion
20 was granted as to the murder count based on instructional error by the court in responding to a
21 jury question.  See 9/20/00 RT 4298.)

22 This court earlier described the situation regarding the murder count: "The murder count
23 that was the subject of the reversal on the new trial motion was dismissed by the trial court on
24 August 17, 2001.  The minute order notes, however, 'DA will be [sic] re-file after appeal is
25 completed on ct. 2.'  Respondent's Response, Exh. A, filed Aug. 10, 2004.  The district attorney
26 has <u>not</u> refiled the murder count.  Lytle apparently does not like the possibility of a murder
27 charge looming on the horizon and thus apparently is attempting in state court to get the murder
28 count tried again or dismissed with prejudice." September 13, 2004 Order, p. 2.  (Docket # 29.)

5

It is clear that this court cannot consider the claim about the murder charge although it is unclear whether the reason for that is a lack of custody, mootness, unripeness, or some combination of those three doctrines. A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Lytle's murder conviction was set aside and he therefore has nothing to challenge in federal habeas with regard to that conviction or the sentence enhancements tied to it. He cannot meet the habeas custody requirement to challenge the murder conviction that already has been set aside. Any claims concerning the murder conviction also are now moot, as the conviction has already been set aside. He also cannot challenge a future murder charge that may or may not be filed because he is not in custody on an unfiled charge and any claim would be unripe. He has not shown any basis for a federal habeas court to act on a criminal charge that is not even pending in state court at this time.

Lytle also argues that the lack of finality on the murder charge affects his ability to vigorously challenge the § 246 conviction. That is not a fact of constitutional significance. Many criminal defendants must make difficult choices and alternative theories or inconsistent defenses are not unheard-of. Lytle has not identified any federal constitutional right to finality (or, to use his word, "closure") on the murder charge. The court cannot grant habeas relief with regard to the vacated murder conviction or the potential murder charge. The claim is dismissed without leave to amend.

3. <u>Claim 3 - Denial of Fair Trial - Failure To Instruct (SAP, pp. 8-10)</u>

Lytle asserts that the trial court failed to instruct on the lesser-included offense of an attempted violation of § 246. The California Court of Appeal described Lytle as arguing that, although he intended to fire the shotgun at the interior of the trailer, "the completion of this crime was prevented because Perkins [the decedent] blocked the pellets from the shotgun, thus preventing them from striking the interior of the residence." Cal. Ct. App. Opinion, p. 13.

There is no clearly established law that a trial court must instruct on lesser related offenses. The Supreme Court held in Beck v. Alabama, 447 U.S. 625 (1980), that an instruction

6

on a lesser included offense must be given in a capital case; however, the law is unsettled as to whether such an instruction must be given in noncapital cases. The Ninth Circuit has noted that "[t]here is no settled rule of law on whether Beck applies to noncapital cases such as the present one. In fact, this circuit, without specifically addressing the issue of extending Beck, has declined to find constitutional error arising from the failure to instruct on a lesser included offense in a noncapital case." Turner v. Marshall, 63 F.3d 807, 819 (9th Cir. 1995) (citing Bashor v. Risley, 730 F.2d 1228, 1240 (9th Cir. 1984)), overruled on other grounds, Tolbert v. Page, 182 F.3d 677 (9th Cir. 1999). With this unsettled state of the law, the state court's rejection of a claim that the trial court failed to sua sponte instruct on the lesser-included offense could not be contrary to or an unreasonable application of clearly established law, as set forth by the U.S. Supreme Court necessary for federal habeas relief. The claim is dismissed without leave to amend.

4. Claim 4 - Denial Of Fair Trial - Juror Misconduct (SAP, pp. 10-11)[2]

Lytle contends that the jurors committed misconduct at his trial by consulting a dictionary. Liberally construed, this claim is cognizable in federal habeas. See Eslaminia v. White, 136 F.3d 1234, 1237 n.1 (9th Cir. 1998); Lawson v. Borg, 60 F.3d 608, 612 (9th Cir. 1995).

5. Claim 5 - Double Jeopardy (SAP, pp. 11-13)

Lytle alleges that his right to be free from double jeopardy was violated when his sentence was enhanced under both § 12022.53(a)(1) and § 12022.7(a). Liberally construed, this part of the double jeopardy claim is cognizable.

Lytle also includes argument about his murder conviction in this claim. He argues, inter

---

[2] There also is further argument pertaining to the dictionary usage in Claim 8 and Claim 17. SAP, pp. 34-43, 76-80. When the parties and court consider Claim 4, they should also consider the additional argument Lytle made about the dictionary usage in Claim 8 and Claim 17. The point is that these are not three different claims, but one claim; even though the argument is confusingly strewn over three different parts of the SAP, it all counts toward Claim 4.

7

alia, that "it violated double jeopardy for the trial court to go further than the murder conviction to seek to impute successive punishments for the same offense since all elements that were charged are included in the charge of murder." SAP, p. 13. The murder conviction does not present a double jeopardy bar to the § 246 conviction or to the enhancements for the § 246 conviction because the murder conviction was set aside when the state court granted a motion for new trial on it.[3] The murder conviction, having been set aside, does not pose a double punishment situation.

6. <u>Claim 6 - Violation of Williamson Rule (SAP, pp. 14-16)</u>

Lytle urges that his rights to due process and equal protection were violated by the state trial court's failure to apply the <u>Williamson</u> rule, which Lytle describes as "demand[ing] that where there are competing statutes which can be charged, the more particular of the statutes is the one which should be charged and tried, <u>In re Williamson</u>, 43 Cal. 2d 651." SAP, p. 14. This is yet another claim that turns on the murder conviction which has been set aside and cannot form the basis for habeas relief. The claim also is one for the misapplication of state law and therefore not cognizable in a federal habeas action. The claim is also cluttered with unsupported commentary, off-the-cuff and erroneous legal propositions and generalized discontent about the state's prosecution decisions that do not belong in a federal habeas action. Indeed, the excessive length of the petition is due largely to these kinds of musings by Lytle.[4]

The decisions whether to prosecute and what charges to bring generally rest entirely in the prosecutor's discretion, although this discretion is subject to constitutional constraints. See <u>United States v. Armstrong</u>, 517 U.S. 456, 463-64 (1996). One of these constraints is that the

---

[3]As explained in § 2 above, habeas relief is not available for the murder conviction because it has been set aside and is not available for a murder charge that may or may not be filed in the future. This also prevents the murder conviction from forming the basis for a double jeopardy claim.

[4]Some examples: "All other charges should have been stricken by the judge but for the inability to do so thanks to voter approved restrictions on the judges' activities, in itself another denial of due process and fair trials." SAP, p. 15; "The Court of Appeals decision is incomprehensible and falls in line with California District Attorney's practices of uploading the charges in a scattershot manner in the hope that something would stick." SAP, p. 14.

8

prosecutorial decision may not violate equal protection by resting on "'an unjustifiable standard such as race, religion, or other arbitrary classification.'" Id. (citation omitted). There is no federal constitutional requirement that the prosecution charge in a manner that presents only the most narrow charge available or does not present alternative theories of guilt. Lytle's argument is based on the erroneous premise that a § 246 shooting at an inhabited dwelling is a more particular version of the crime covered by § 187 (i.e., the murder statute); this is wrong because § 246 does not require that a person be hit by the gunshot or die in the crime. "'[S]o long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.' Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978). This broad discretion rests largely on the recognition that the decision to prosecute is particularly ill-suited to judicial review." Wayte v. United States, 470 U.S. 598, 607 (1985). Prosecution based on an impermissible factor (such as race, religion, exercise of a protected right, or other arbitrary classification) may not pass muster, see id. at 608, but there is no suggestion that the prosecutorial charging decision here was done on an impermissible criteria. This claim is dismissed without leave to amend.

7. <u>Claim 6 Again[5] - Denial Of Fair Trial & Due Process (SAP, pp. 16-34)</u>

Lytle urges that "the jury was unconstitutionally tied in a profound denial of due process and fair trial in violation of the Fourteenth Amendment." SAP, p. 16. He alleges that jurors' statements show that they would have preferred to convict him only on voluntary manslaughter. Id. Like other claims, this claim involves Lytle's view of why § 246 should not apply to his facts and how the statute should be construed and applied. These arguments fail for the reasons discussed with regard to Claim 1. The claim also assails the murder conviction, but Lytle cannot challenge the murder conviction for the reasons discussed with regard to Claim 2.

Furthermore, the evidence regarding the jurors' thoughts and the deliberative processes

---

[5] Inexplicably, Lytle referred to this as "Claim Six," even though the claim was preceded by another "Claim Six" and followed by "Claim Eight."

9

would not be admissible under state or federal evidence law. "[L]ong-recognized and very substantial concerns support the protection of jury deliberations from intrusive inquiry." Tanner v. United States, 483 U.S. 107, 127 (1987). Federal Rule of Evidence 606(b) and California Evidence Code section 1150(a), for example, prohibit the use of juror testimony to impeach a verdict when that testimony relates to intrinsic matters, i.e., the internal, mental processes by which the verdict was rendered. See id. at 116-27 (discussing Fed. R. Evid. 606(b); People v. Cox, 53 Cal. 3d 618, 695-96 (1991) (discussing Cal. Evid. Code § 1150(a)).

8. <u>Claim 8 - Juror Misconduct (SAP, pp. 34-43)</u>

This claim repeats and expands on the argument about juror misconduct in the usage of a dictionary. This is not a separate claim but instead is further argument in support of Claim 4.

9. <u>Claim 9 - Denial Of Impartial Jury (SAP, pp. 42-43)</u>[6]

Lytle alleges that he was denied his due process right to an impartial jury. Juror # 12 allegedly refused to deliberate and juror # 8 allegedly was upset by delays. Liberally construed, this claim is cognizable in a federal habeas action. The Sixth Amendment guarantees to the criminally accused a fair trial by a panel of impartial jurors. U.S. Const. amend. VI; see Irvin v. Dowd, 366 U.S. 717, 722 (1961). "Even if only one juror is unduly biased or prejudiced, the defendant is denied his constitutional right to an impartial jury." Tinsley v. Borg, 895 F.2d 520, 523-24 (9th Cir. 1990) (internal quotations omitted).

10. <u>Claim 10 - CALJIC 17.41.1 (SAP, pp. 43-46)</u>

Lytle contends that giving the CALJIC 17.41.1 instruction violated his rights to due process and a fair trial. CALJIC 17.41.1 instructs jurors to inform the court of other jurors' misconduct and potential misconduct. Lytle's claim must be rejected in light of the Ninth

---

[6] There also is argument about juror # 12's alleged impartiality in Claim 17. See SAP, pp. 76-80. When the parties and court consider Claim 9, they should also consider the additional argument in Claim 17. See footnote 2, supra.

10

Circuit's decision in Brewer v. Hall, 378 F.3d 952, 955-56 (9th Cir. 2004). There, the court determined that "no Supreme Court case established that an instruction such as CALJIC 17.41.1 violates an existing constitutional right." Id. at 956. Without such Supreme Court authority, relief cannot be granted under the standard in 28 U.S.C. § 2254(d). The claim is dismissed without leave to amend.

11. Claim 11 - Double Jeopardy Violation (SAP, pp. 47-58)

This claim is yet another rehashing of several arguments made earlier in the SAP, i.e., that Lytle's conduct was not covered by § 246, that the prosecutor could not charge him with both shooting at an inhabited dwelling and murder, and that the Double Jeopardy Clause is violated by charging him with both crimes. For the reasons discussed with regard to Claims 1, 2 and 5, Claim 11 has no merit: the state court has already determined that the conduct was covered by § 246, this court has determined that no claim based on the murder conviction can be made in habeas because that conviction was set aside due to instructional error, and this court has determined that the petition has not alleged an impermissible basis for the charges filed that could support habeas relief. The claim is dismissed without leave to amend.

12. There is No Claim 12

13. Claim 13 - Due Process Violation/Double Jeopardy Violation (SAP, pp. 58-62)

Claim 13 is yet another iteration of the arguments in Claim 11 and is dismissed without leave to amend for the same reasons discussed with regard to Claim 11.

14. Claim 14 - Violation of Rule of Lenity (SAP, pp. 62-65)

Lytle urges that the trial court violated the rule of lenity by allowing him to be charged with several counts and enhancements. This claim repeats some of the arguments made in Claims 1 and 6. The rule of lenity argument and the arguments regarding the murder charge have no merit and are is dismissed without leave to amend for the reasons stated with regards

to Claims 1 and 6.

There is, however, a sliver of an argument that does appear to present a cognizable claim. Lytle alleges that the enhancements for the § 246 conviction violated his right to due process and to be free from double jeopardy. See SAP, pp. 64:3 - 65:3. This part of the claim warrants a response.

15. Claim 15 - Due Process Violation In Ambiguous Jury Decision (SAP, pp. 65-72)

This claim appears to allege that Lytle's right to due process was violated because the jury verdicts are too vague to support the sentence enhancement under § 12022.53(d) for the conviction under § 246.[7] He also argues that the ambiguity may also have deprived him of his right to a unanimous verdict. These claims warrant a response. Lytle's argument that this also amounted to a double jeopardy violation is dismissed without leave to amend.[8]

16. Claim 16 - Violation Of Rule Of Lenity (SAP, pp. 72-76)

This claim argues again that the state courts erred in refusing the apply the rule of lenity and is dismissed without leave to amend for the reasons discussed with regard to Claim 1.

17. Claim 17 - Failure To Inquire Into Juror # 12 (SAP, pp. 76-80)

Lytle argues that the judge failed to make an adequate inquiry into juror # 12's behavior. This is further argument in support of Claim 9, regarding juror # 12. Lytle also argues that the trial judge failed to adequately investigate into the jurors' use of a dictionary. This is further

---

[7] Only the enhancement for § 12022.53 is at issue. Lytle does not challenge the verdict as to the sentence enhancement under § 12022.7. See Petition, p. 68. The enhancement under § 12022.5 was stricken by the California Court of Appeal. See Cal. Ct. App. Opinion, p. 2. The enhancements attached to the murder conviction are irrelevant because that conviction was set aside.

[8] Lytle's reliance on the case of Hamling v. United States, 418 U.S. 87, 117 (1974) illustrates a recurring problem in the SAP: he repeatedly cites cases for propositions for which they do not stand or for irrelevant points. At the page cited, Hamling discussed the adequacy of an indictment. An indictment is not a verdict. The right to indictment does not even apply to the states. See Hurtado v. California, 110 U.S. 516, 538 (1884). The Hamling case therefore has no applicability to Lytle's case.

12

argument in support of Claim 4 and Claim 8.

18. <u>Claim 18 - Judicial Error (SAP, pp. 80-89)</u>

This is yet another repeat of claims already made. Lytle's argument that the trial court erred in his rulings by failing to apply the rule of lenity and failing to construe § 246 as Lytle urged are rejected for the reasons discussed with regard to Claim 1. His apparent argument that he was denied a right to present a defense is dismissed without leave to amend because it is premised on his contention that the trial court incorrectly applied § 246. Although the U.S. Constitution does provide a right to present a defense, <u>see generally</u> Chambers v. Mississippi, 410 U.S. 284, 294 (1973), the refusal to construe a criminal statute as a defendant argues does not deprive him of that right. The claim is dismissed without leave to amend.

19. <u>Claim 19 - Petitioner Was Charged Under An Invalid Statute (SAP, pp. 89-92)</u>

Lytle argues that the "great bodily injury" enhancement under § 12022.53 violated due process because at the time of he committed the crime, the statute did not apply when the crime resulted in the death of the victim. He also argues he was entitled to the benefit of the statute as it was worded when he committed his crime.

Section 12022.53(d) provides for a lengthy sentence enhancement when a person convicted of a violation of § 246 has "personally discharged a firearm and proximately caused great bodily injury, as defined in section 12022.7, to any person other than an accomplice." After Lytle committed his crimes, but before his trial, the statute was amended to add "or death" after the phrase "great bodily injury." <u>See</u> Cal. Ct. App. Opinion, pp. 18-19. Lytle's argument is basically that "great bodily injury" does not mean death.

The state court has already decided, as a matter of state law, that § 12022.53(d) as it was worded when Lytle committed his crime did cover death and that Lytle's conduct did fall within the reach of § 12022.53(d) as it existed before it was amended. <u>See</u> Cal. Ct. App. Opinion, pp. 19. The state court explained that the addition of the phrase "or death" was not an expansion of the reach of the statute: "In adding the phrase 'or death,' the Legislature explained: 'The

amendment to subdivision (d) of Section 12022.53 of the Penal Code is intended to be declaratory of existing law and to clarify that the enhancement in that subdivision applies to causing a great bodily injury or death.' (Stats. 1998, ch. 936, § 27.)" Cal. Ct. App. Opinion, pp. 18-19.

As with Lytle's liability under § 246, his liability under § 12022.53(d) has already been determined by the state court as a matter of state law. The state court's interpretation of state law, including that announced on direct appeal of the challenged conviction, binds this court. See Bradshaw v. Richey, 126 S. Ct. at 604; Hicks v. Feiock, 485 U.S. at 629. Once it is accepted that § 12022.53(d) -- as worded when Lytle committed his crime and as worded when he was tried – applies when the victim dies, there is nothing to Lytle's argument that there was a due process violation. The claim is dismissed without leave to amend.

20. <u>Claim 20 - Construing GBI To Include Death (SAP, pp. 93-101)</u>

Lytle contends that the state court violated his right to due process in construing great bodily injury to include death for purposes of the sentence enhancements under § 12022.53(d) and § 12022.7. This claim meets the same fate as Claim 19.

Section 12022.7(a) provides a sentence enhancement for "[a] person who personally inflicts great bodily injury on any person . . . in the commission of a felony." Section 12022.7(f) provides that, "[a]s used in this section, 'great bodily injury' means a significant or substantial physical injury.'"

The state court of appeals rejected Lytle's contention that § 12022.7(a) did not apply to him because the victim allegedly died instantaneously. "Death includes a 'significant or substantial physical injury. [Citation.] Accordingly, there is no merit to defendant's contention." Cal. Ct. App. Opinion, pp. 19-20.

As with Lytle's liability under § 246 and under § 12022.53(d), his liability under § 12022.7(a) has already been determined by the state court as a matter of state law. The state court's interpretation of state law, including that announced on direct appeal of the challenged conviction, binds this court. Once it is accepted that § 12022.7(a) applies when the victim dies,

United States District Court
For the Northern District of California

14

there is nothing to Lytle's argument that there was a due process violation. The claim is dismissed without leave to amend.

21.     There Is No Claim 21

22.     Claim 22 - Illegal sentence (SAP, pp. 101-109)

Lytle urges that he could not be given a sentence enhancement under § 12022.53 because an earlier clerk's minute order said that enhancement had been stricken. According to his petition, the judge sentenced him after stating that the minute order was in error. To the extent Lytle contends that he had some constitutional right to take advantage of a clerical error, the claim is baseless. To the extent Lytle is contending that the verdicts violated due process because they were ambiguous, that claim was already asserted in Claim 15 and is repetitive. The claim is dismissed without leave to amend.

23.     Claim 23 - Abuse of Discretion (SAP, pp. 109 - 110)

Lytle argues that the trial court "abused its discretion in so many ways that they represent cumulative error." SAP, p. 109. He then lists a variety of state law errors and one alleged constitutional violation. Abuse of discretion would be a state law claim not actionable in federal habeas. The cumulative error doctrine that does exist in federal habeas allows for consideration of the cumulative effect of multiple federal constitutional errors but does not allow for an accumulation of state law errors. Cf. Mancuso v. Olivarez, 292 F.3d 939, 957 (9th Cir. 2002) ("Because there is no single constitutional error in this case, there is nothing to accumulate to a level of a constitutional violation.") This claim is dismissed without leave to amend.

24.     Claim 24 - Misapplication of § 246 (SAP, pp. 110-112)

Lytle contends that the trial court misapplied § 246 because his conduct was not covered by the statute. This claim is dismissed without leave to amend for the reasons discussed with regard to Claim 1.

15

25. <u>Claim 25 - Failure To Retry Lytle On Murder Charge (SAP, p. 112)</u>

Lytle contends that the state court's failure to retry him on the murder charge violates his right to due process. This claim is dismissed without leave to amend for the reasons discussed with regard to Claim 2.

26. <u>Claim 26 - CALJIC 17.41.1 (SAP 112-114)</u>

Lytle claims the use of the CALJIC 17.41.1 jury instruction violated his right to due process. This claim is dismissed without leave to amend for the reasons discussed with regard to Claim 10.

27. <u>Claim 27 - Restitution Order Violates Fourteenth Amendment (SAP 114-119)</u>

Lytle contends that restitution is a fraud and the restitution statute is an unconstitutional taking because the money will not go exclusively to victims. Arguments concerning the way in which the monies collected pursuant to a restitution order are spent are not properly raised in a federal habeas action. His various state law arguments cannot support federal habeas relief. The claim is dismissed without leave to amend.

28. <u>Claim 28 - Judicial Bias (SAP, pp. 119-120)</u>

Lytle urges that the trial court was biased against him because "[e]very single decision the judge had an opportunity to make in the case, he made the incorrect decision and he prejudiced the defense by doing so." SAP, p. 119. The Due Process Clause guarantees a criminal defendant the right to a fair and impartial judge. <u>See</u> <u>In re Murchison</u>, 349 U.S. 133, 136 (1955); <u>Kennedy v. Los Angeles Police Dep't</u>, 901 F.2d 702, 709 (9th Cir. 1989). Judicial rulings alone do not constitute a valid basis for demonstrating judicial bias or partiality, however. <u>Liteky v. United States</u>, 510 U.S. 540, 551 (1994). The petition on its face shows that Lytle's complaints are only about adverse rulings and do not have anything other than their adverseness to indicate bias. Furthermore, that the statement quoted above is hyperbole is evident from the fact that the judge granted his motion for new trial on the murder count, which would hardly be

considered a decision prejudicial to the defense. The claim is dismissed without leave to amend.

29.  "Ground Fourteen (B)" - Actual Innocence (SAP, pp. 120-122)

Lytle's actual innocence claim is dismissed without leave to amend for the reasons discussed with regard to Claim 1.

C.  Summary Of Claims To be Briefed

To summarize the foregoing, the following claims need to be briefed:

Claim 4 - juror misconduct based on the jurors consulting a dictionary.

Claim 5 - double jeopardy violation based on enhancement under both § 12022.53(a)(1) and § 12022.7(a).

Claim 9 - denial of impartial jury.

Claim 14 - enhancements for the § 246 conviction violated due process and double jeopardy rights.

Claim 15 - ambiguous jury instructions violated due process and may have deprived Lytle of a unanimous verdict.

There are now five claims needing briefing. In light of the extraordinarily repetitive and long-winded nature of Lytle's SAP, the court sets these page limits for the briefs: respondent's memorandum of points and authorities in support of his answer may not exceed **30 pages** and petitioner's traverse may not exceed **20 pages**. In their briefs, the parties are requested to use the same claim numbering system petitioner used in his SAP to reduce the likelihood of confusion:

/ / /
/ / /
/ / /

## CONCLUSION

1. Petitioner's motion to amend and file his second amended petition for writ of habeas corpus is GRANTED. (Docket # 37.) The second amended petition received on March 6, 2006 will be filed. Claims 4, 5, 9, 14, and 15 warrant a response. All the other claims are dismissed without leave to amend.

2. Respondent must file and serve upon petitioner, on or before **June 8, 2007**, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent must file with the answer a copy of all portions of the court proceedings that have been previously transcribed and that are relevant to a determination of the issues presented by the petition. Substantial parts of the record have already been filed and respondent only needs to file those parts of the record that he has not yet filed in this action.

3. If petitioner wishes to respond to the answer, he must do so by filing a traverse with the court and serving it on respondent on or before **July 20, 2007**.

4. The parties must comply with the page limits on briefs that the court set in this order, i.e., 30 pages for the brief in support of the answer and 20 pages for the traverse.

5. The stay of this action is lifted. The clerk shall re-open this action.

IT IS SO ORDERED.

DATED: April 6, 2007

_____
SUSAN ILLSTON
United States District Judge